■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL PACHECO, Appellant. [694 NYS2d 351] —Judgments, Supreme Court, New York County (Felice Shea, J.), rendered December 22, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, conspiracy in the second degree and bail jumping in the second degree, and sentencing him to concurrent terms of 15 years to life, 3 years to life, and 2 to 6 years, consecutive to a term of 1 year, unanimously modified, on the law, to direct that all sentences run concurrently, and otherwise affirmed.

Defendant's sufficiency claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. The chemist's testimony provided ample evidence to establish that the amount of drugs recovered was more than two ounces, and defendant clearly possessed the then-requisite knowledge of the weight of the controlled substance based on his active role in establishing the price of the drugs, his overall participation in the transaction, and his personal handling of the controlled substance (*see*, *People v Ryan*, 82 NY2d 497).

As correctly conceded by the People, the definite prison term imposed for defendant's bail jumping conviction must run concurrently with the other sentences. Since defendant received the minimum sentence authorized by law on his conviction of criminal sale of a controlled substance in the first degree, discretionary review of that sentence is foreclosed by CPL 470.20 (6).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Mazzarelli, Lerner, Rubin and Saxe, JJ.